(13 Misc. Rep. 227.)

### WILLIAMS v. DODGE.

(Common Pleas of New York City and County, General Term. June 27, 1895.)

PAROL EVIDENCE—WRITTEN CONTRACT.

For the purpose of rebutting the evidence as to an individual hiring of plaintiff by defendant, furnished by a letter written to plaintiff by defendant, recognizing an existing employment of plaintiff in a certain undertaking at somebody's instance, and containing certain advice touching the subject thereof, evidence is admissible that the employment was had in the first instance through D., that the money sued for was the balance of that agreed on with D. to be paid, and that D. had no authority to hire any one in defendant's behalf.

On rehearing. For former report, see 28 N. Y. Supp. 729.
Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Howard Y. Stillman, for appellant.
J. A. Denison, for respondent.

BISCHOFF, J. In this action the plaintiff claimed $300 for services alleged to have been rendered at defendant's instance and request. The services in question were performed by plaintiff, as attorney, in furtherance of an undertaking which had been entered

upon by defendant and others to obtain from the Massachusetts legislature a charter and privileges for a certain canal company. The jury rendered a verdict in favor of the defendant, and it is now claimed that the plaintiff was prejudiced by the admission of certain testimony and by the charge delivered by the trial judge, the court being asked to reverse the judgment notwithstanding the absence of exceptions to the charge. According to the plaintiff's evidence, the defendant, in an interview held between them at Boston on the 24th of May, 1892, at a time when all the services in question had been performed, promised to pay the plaintiff's bill for the amount in suit. This was directly contradicted by defendant. Plaintiff also put in evidence a letter written to him by defendant prior to the above date, which, recognizing an existing employment in the undertaking at somebody's instance, contained certain advice touching the matter. Further, it was shown in plaintiff's behalf that he first met the defendant in Boston at his (plaintiff's) office, where one Dresser introduced them to one another. At this meeting defendant certainly is not shown to have retained the plaintiff, the interview being solely for the purpose of obtaining from defendant the facts as to which he would testify before the legislative committee, and this very clearly in pursuance of an existing employment. On cross-examination of the plaintiff, defendant brought out the fact that the employment was had in the first instance through this individual, Dresser, and that the sum in suit was the balance of that agreed upon with him to be paid. This testimony, together with the evidence adduced on behalf of the defendant showing the absence of agency in Dresser to retain counsel in the former's behalf, was properly in the case to rebut the evidence as to an individual employment of plaintiff by defendant furnished by the letter above referred to, wherefrom an inference might perhaps have been drawn that there was such an employment. In our view, the charge delivered was most fair to the plaintiff, affording three opportunities for a recovery,—through employment by Dresser as agent, by ratification or guaranty of payment, and through direct employment by defendant. That such three grounds of recovery, in place of the latter one above, were called to the jury's attention, now forms the appellant's complaint, made for the first time; but, in view of the circumstances of the case, the evidence received,—and properly, as shown,—and the plaintiff's acquiescence in the charge, it would appear that the point made, while constituting no ground for a reversal, is also an afterthought, induced by failure where success was looked for.

The remaining point to be noted is that raised by an exception taken to the court's exclusion of testimony offered by the plaintiff as to a conversation had with him by Dresser at the time when the latter made the payment to him on account of services. It is claimed that the evidence shows defendant's payment to Dresser of moneys to be expended in this particular enterprise, and that the agent's representations in the course of duty were admissible against the principal. This might well be true, but for the fact that the payment and statements were made by Dresser to plaintiff

·in the month of February, 1892, while the transactions had by defendant with Dresser· as to his enterprise had not their inception until the following month.

The judgment is affirmed, with costs. All concur.